R. H. MOSELEY ET AL. v. FELIX VANDER STUCKEN.

Decided May 22, 1901.

1.—Probate Sale—Collateral Attack.

See probate proceedings held to show, as against collateral attack, that title to a land certificate passed from the estate of decedent by administrator's sale, though the order granting letters appeared to be for guardianship of the persons and estates of the minor heirs, rather than for administration, the county records having been burned, and it not appearing that a previous order appointing the administrator might not have been made.

2.—Same—Administrator—Recognition by Court.

On collateral attack upon an administrator's sale, it seems that action of the probate court recognizing one as administrator who had given bond as such and ordering and approving sale by him would be equivalent to a formal appointment.

3.—Same—Limitation—Color of Title.

See record of probate sale which, if not sufficient to show title in the purchaser, constituted color of title which would support limitation under the statute of ten years.

Appeal from Llano. Tried below before Hon. M. D. Slator.

*McLean & Spears,* for appellants.

*Moursund & Moursund* and *Clarence Martin,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellee sued appellants in trespass to try title for 640 acres of land, consisting of four 160-acre tracts in Llano County, and from a judgment awarding him the land the defendants have appealed.

There is no conflict in the testimony, the most of which is documentary; and therefore we make no formal finding of fact. The testimony shows that the land in controversy was patented to the heirs of August Schlueter in the year 1857, by virtue of certificate 220 issued by the

Commissioner of Fisher & Miller's Colony April 13th, 1849, to the heirs of August Schlueter. At the time of his death, which occurred in 1847, August Schlueter resided and owned real estate in Gillespie County.

The following probate records of Gillespie County were put in evidence, some by the plaintiff and others by the defendants:

### IN PROBATE COURT OF GILLESPIE COUNTY.

"No. 35. State of Texas, Gillespie County.—To the Honorable Probate Court of Gillespie County:

"Your petitioner John C. Durst prays that your honorable court grant to him letters of guardianship and of administration of the persons and estate of the minors Louise and Heinrich Schlueter, heirs of August Schlueter, decd., at the next regular term of your honorable court. And your petitioner as in duty bound will ever pray, etc.

(Sig.)     "JOHN CH. DURST.

"Fredericksburg the 10th day of April, A. D. 1854.

"Regular April Term.

"No. 35. At the regular term of the honorable probate court of Gillespie County, held on Monday, the 24th day of April, A. D. 1854, present Wm. Wahrmund, chief justice and F. Wrede, county clerk. In this case comes John Christian Durst having prayed that letters of administration and of guardianship be issued to him upon the estate and of the persons of the minors Louise and Heinrich Schlueter, heirs of August Schlueter, decd., and it being known to the court that due notices were posted, according to law, the said appointment was made and said Durst duly sworn and qualified and ordered to give bond in the sum of one hundred and fifty dollars. Messrs. Philip Beck, August Engel and Andreas Herbst were appointed *administrators* of said estate.

"No. 35. State of Texas, Gillespie County.—Know all men by these presents that we, John C. Durst as principal, and Henry Jordan and A. Herbst, as sureties, are held and firmly bound unto the chief justice of Gillespie in the sum of $150, one hundred and fifty dollars, for the payment of which well and truly to be made unto the said chief justice, we bind ourselves, our heirs, executors, and administrators, jointly and severally, firmly by these presents. Signed with our hands and sealed with our seals, the seal being scrawls, the 24th day of April, A. D. 1854.

[L. S.]     (Sig.)     "JOH. CHR. DURST.
[L. S.]     (Sig.)     "ERNST JORDAN.
[L. S.]     (Sig.)     "A. HERBST.

"The condition of this obligation is such, that whereas the above bound John C. Durst has been appointed by the chief justice of the county of Gillespie administrator of the estate of August Schlueter, and guardian over the minors Henry Schlueter. Now if the said John C. Durst shall well and truly perform all the duties required of him under

said appointment, then this obligation shall be null and void, otherwise to remain in full force and effect.

[L. S.]    (Sig.)    "JOH. CHR. DURST.
[L. S.]    (Sig.)    "ERNST JORDAN.
[L. S.]    (Sig.)    '"A. HERBST.

"Filed in my office for record the 24th day of April, 1854, and duly recorded April 25th, 1854, in book of probate court, page 129.

"F. WREDE, C. C. G. C.

"I do solemnly swear that August Schlueter, deceased, died without leaving any lawful will, so far as I know or believe, and that I well and truly perform all the duties of administrator of the estate of said August Schlueter, and as guardian over the minor Henry Schlueter. So help me God.        (Sig.)    "JOH. CHR. DURST.

"State of Texas, County of Gillespie.—I, F. Wrede, county clerk of Gillespie County, hereby certify that J. C. Durst, Ernst Jordan and A. Herbst signed the foregoing bond in my presence, and that J. C. Durst took and subscribed the foregoing oath.

"Witness my hand and official seal, this the 24th day of April A. D. 1854.        "F. WREDE, C. C. G. C.

"No. 35.   Joh. Chr. Durst, Admr. of the estate of Aug. Schlueter, decd., came and presented the following petition, to wit:

"State of Texas, Gillespie County.—To the Honorable Probate Court of Gillespie County: The petition of the undersigned, J. C. Durst, admr. of the estate of Aug. Schlueter, decd., respectfully sheweth—That whereas, the claim to 640 acres in Fisher & Miller's Colony belonging to said estate and for which the certificate is in the possession of the undersigned must be patented in March, 1855, in accordance with an act of the legislature, or else be void; and whereas, the said estate has no available means to redeem the field notes and take out said patent, the undersigned respectfully prays that your hon. court grant an order of sale, that the said land be sold for the benefit of said estate, and your petition as in duty bound will ever pray, etc., etc., etc.

"Fredericksburg, May 26th, 1854.      (Sig.)   "JOH. CHR. DURST,
"Admr. of the Estate of Aug. Schlueter, Decd.

"It being known to the court that the grounds set forth in the above petition are correct and true, it was ordered, adjudged and decreed that the said land be sold at public outcry in the town of Fredericksburg on the 7th day of August next, being the first Tuesday in said month.   The court adjourned sine die.

"W. WAHRMUND, Ch. J. of G. C.

"J. Chr. Durst, admr. of the estate of August Schlueter, decd., made return of a sale made by him of a certificate calling for 640 acres of land in Fredericksburg Colony, belonging to said estate, in conformity with an order of court given at the regular May term thereof, in A. D. 1854.

"John Chr. Durst, administrator of the estate of Aug. Schlueter, decd., appeared, and having made return of the sale of 640 acres of land

in Fisher & Miller's Colony belonging to said estate, and the court having inquired into said sale, and having ascertained that the same was made according to law, the same was confirmed, and the said admr. ordered to make a deed to the purchaser, and it was ordered that the return of the sale be recorded.

"No. 35.  Account of sale made by Ch. Durst, admr. of the estate of August Schlueter, decd.

"Account of Sale.

"State of Texas, County of Gillespie.—The undersigned Christian Durst, administrator of the estate of August Schlueter, dec., hereby affirms that pursuant of an order of the chief justice of Gillespie County made at the regular May term, 1854, a public sale at the courthouse door in the town of Fredericksburg was had on the 7th day of August, 1854, being the first Tuesday in the month of August, lawful notice of the sale had been given.  And then and there I offered for sale:  One land certificate No. ——, calling for 640 acres of land, sections 340, 341, 342 & 343 in Fischer & Mueller's Colony belonging to the said estate, and whereas Frank V. D. Stucken was the highest and best bidder for the same offering and paying forthwith the sum of fifty-five dollars, the said land certificate was bid off and sold to the said Frank V. D. Stucken for the cash price of fifty-five dollars.

"Subscribed and affirmed before me this 28th day of Aug. 1854.

"JULIUS SCHUCHARD, J. P. G. C. P. II.
(Sig.)  "JOH. CHRISTIAN DURST.

"Inventory and Appraisement of the Estate of Aug. Schlueter, Decd.

"The State of Texas, County of Gillespie.—To the Honorable Probate Court of Gillespie County:

"We, the undersigned appraisers of the estate of August Schlueter decd. certify that the said estate consists of the following property to wit:   640 acres in Fisher and Miller's Colony, being section No. 341, 342, 343 & 344 in Howard's district No. 1; 1 Town lot in the town of Fredericksburg, No. 377; 1 ten acre lot in Gillespie County, No. 608. The said property was by us duly appraised and valued as follows to wit:

"640 acres in Fischer & Miller's Colony....................$ 50.00
"1 Ten acre Lot, No. 608................................  10.00
"1 Town Lot, No. 377................................  50.00

"Total ........................................ $110.00

(Sig.)  "A. HERBST,
(Sig.)  "AUGUST ENGEL.
"Appraisers.

(Sig.)  "JOHN CHR. DURST,
"Admr. of the Estate of August Schlueter, Decd.

"The State of Texas, Gillespie County.—Before me, F. Wrede, county clerk of Gillespie County, appeared personally this day A. Herbst, August Engel, who declared on oath that they appraised the property belonging to the estate of Aug. Schlueter, decd., according to the best of

their skill and ability. Witness my hand and official seal, this the 7th day of May, A. D. 1854. [L. S.] "F. WREDE, C. C. G. C.

"Filed in my office for record the 7th day of May, 1854 and duly recorded same day in minutes of probate court, page 132.

"F. WREDE, C. C. G. C.

"State of Texas, Gillespie County.—In Probate Court August Term, 1858. To the Sheriff of said County, Greeting: You are hereby commanded to summon John Chr. Durst, guardian of the estate and persons of the minors Heinrich and Louise Schlueter, to be and appear in said court on Monday, the 27th day of September, next, then and there to file an exhibit of the condition of said estate. Witness my hand and official seal, this the 30th August, 1858.

"FR. WREDE, Clerk.

"Endorsed: Estate of minor, H. & L. Schlueter.

"Came to hand the 9th day of September and executed the 19 day of Septber by reading.

"FRANZ KETTNER, Sheriff.

"State of Texas, Gillespie County.—To the Honorable Probate Court of Gillespie County, Novbr. Term, 1858.—To the Hon. Probate Court of Gillespie County the undersigned administrator of the estate of A. Schlueter would respectfully represent that the said estate consisted at the time administration was instituted, of one town lot in the town of Fredericksburg, being No. 377, appraised at $50; one ten acre lot in Gillespie County, being No. 608, appraised at $10 & 640 acres in Fisher & Miller's Colony, which said 640 acres was sold in conformity with an order of your hon. court for the sum of $55. That your petitioner married the widow of his said intestate and that he is the natural guardian of the minor heir of said intestate, Henry Schlueter, who is the sole heir of said intestate. That he has no cash means left in his hands, having paid out for tuition and clothing for said minor besides the amount of $2 paid to the commissioner for taking out the certificate, and $3 publication fee & fees to the chief justice and county clerk more than the amount realized from the sale of said 640 acres—that therefore, he now prays that he be discharged from his trust. Fredericksburg, Novbr. 29, 1858.

"JOH. CHR. DURST.

"Sworn to and subscribed before me, this 29th day of November, 1858.

"F. WREDE, Clk. C. Ct.

"Endorsed: Estate of A. Schlueter, decd. Petition of admr. to be discharged, vide Book C. Fol. 40. Filed Decbr. term, 1858. Vide Book C. page 46. F. Wrede, Clk.

"The State of Texas, County of Gillespie.—I, Wm. Bierschwale, Clerk of the District Court of Gillespie County, Texas, do hereby certify that the foregoing is a true and correct copy of the probate proceedings had in probate court of Gillespie County in Matter of the estate of Louise & Henry Schlueter, minors of August Schlueter, decd., as the same appear of record in the probate minutes of said court in Vol. A.

[Seal] "Given under my hand and the seal of ·said court at office; in Fredericksburg, this the 23d day of February, A. D. 1899.

"10c Int. Rev. stamp affixed· and canceled.

"WM. BIERSCHWALE, Clerk."'

. It was shown that the surveys of land referred to in said proceedings were located by virtue of certificate No. 220. It was proved by the testimony of F. V. Stucken, the purchaser at the probate sale above set out, that he paid to John C. Durst, administrator, the sum of $55, the amount of his bid, and received from Durst the original certificate No. 220, together with a transfer of the same by Durst as administrator of the estate of August Schlueter, to him, which certificate and transfer had been lost or mislaid; that he, Vander Stucken, paid the government fees and secured the patents to the land.

The plaintiff, Felix Vander Stucken, is the vendee of F. V. Stucken, holding under warranty deed made December 25, 1864. This deed conveyed lands situated in Gillespie and other counties, as well as the land in controversy, and was duly recorded in Gillespie County, June 16, 1871, but was never filed for record in Llano County.

In addition to the title asserted under the probate sale referred to, the plaintiff pleaded title of three, five, and ten years limitation. His proof failed to show ten years' adverse possession, but did show more than five years of such possession under the deed last referred to, together with payment of taxes. The records of Gillespie County were burned in July, 1850. The county was organized in. 1848, a fact not shown by the record, but of which the courts take judicial knowledge.

The defendants pleaded not guilty; and it was shown that one of them, F. Schlueter, was the sole surviving heir of August Schlueter, and that Moseley, the other defendant, claimed under him.

The case was tried in the court below without the intervention of a jury, and no conclusions of fact and law were filed by the judge.

Counsel for appellee assert that the judgment can be sustained upon three grounds, viz.: (1) because the plaintiff showed a regular chain of title from the government to himself; (2) and (3) because he showed title in himself under the three and five years statutes of limitation.

. Counsel for appellants combat all of these positions and contend (1) that the probate sale was absolutely null and void, because it af- firmatively appears that John C. Durst, the alleged administrator of the estate of August Schlueter, deceased, was never appointed administrator of said estate; (2) that the three years' statute of limitation can not be invoked because appellee's possession was not under title or color of title; and (3) that the five years statute of limitation is not available, because the deed relied upon has never been recorded in Llano County, where the land in controversy is situated.

We agree with counsel for appellee on the first and second proposi- tions. If it be true, as contended by counsel for appellants, that the

transcript from the probate records of Gillespie County does not show that Durst was appointed administrator of the estate of August Schlueter, still it does not affirmatively show that he had not, prior to the burning of the records of the county in 1850, been appointed such administrator. About three years elapsed from the death of August Schlueter to the burning of the records. It is true that H. Bierschwale, who held the office of district and county clerk of the county from April, 1870, to December, 1898, testified that there was no record evidence in the books that any of the probate records or papers had been destroyed by fire. He stated, however, that the public records of Gillespie County were destroyed by fire in 1850; that there was no courthouse in the county at that time, and the county records were kept in a business house by John Hunter, who acted as county clerk. The witness also stated that the first probate court, as shown by the probate records of Gillespie County, was held in August, 1850; but this was merely stating what the present records show, and does not establish the fact that a term of the probate court had not been held and John Durst appointed administrator of the estate of August Schlueter, deceased, before the county records were burned. It is also true that Wm. Bierschwale, the present clerk, testified that he did not know that any of the probate records had ever been destroyed by fire; that such records seemed to be intact,—no part seemed to be destroyed or missing, so far as he had been able to ascertain. ·But, notwithstanding his testimony ·and that given by his predecessor, there may have been one or more terms of the probate court between the date of August Schlueter's death and the fire referred to, which destroyed the then existing county records; and the book containing the minutes of such terms of the probate court may have been destroyed by that fire. This being a collateral attack upon the probate sale, and the probate court having recognized Durst as administrator of the estate of August Schlueter, issued an order directing him to sell the land in controversy, and thereafter made an order confirming the sale, and the transcript from the probate court and the supplemental evidence submitted by appellants failing to show that Durst had not been appointed such administrator, we think it must be held that the sale referred to conveyed title to the land. Indeed, apart from the fact of the destruction of the county records by fire three years after the death of Schlueter, we are disposed to hold that the action of the probate court (after Durst had given bond and taken oath· as administrator of the estate of August Schlueter), recognizing him as such administrator, directing him to make the sale referred to, and approving his report of the sale, should be deemed equivalent to a formal appointment of him as such administrator. But, if we are mistaken in this view, then we are satisfied that the facts recited constitute color of title within the purview of the three years statute of limitation, and that appellee was entitled to recover the land upon the title shown by him under his plea of the three years statute of limitation.

Whether or not it was necessary for his deed to be recorded in Llano

County to render available his plea of the five years statute of limitation, is unnecessary to decide, and we make no ruling on that question.

No error having been pointed out, the judgment will be affirmed.

*Affirmed.*

Writ of error refused.